UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GULF INLAND CONTRACTORS, INC.                                    CIVIL ACTION

VERSUS

THE HANOVER INSURANCE                                            NO.: 15-00458-BAJ-RLB
COMPANY

RULING AND ORDER

Before the Court is a **Rule 12(b)(6) Motion to Dismiss (Doc. 23)**, filed by Defendant, The Hanover Insurance Company ("Hanover"). Hanover seeks to dismiss the claims of Plaintiff, Gulf Inland Contractors, Inc. ("Gulf Inland"), for failure to state a claim upon which relief can be granted. (Doc. 23). Gulf Inland filed an opposition, (Doc. 24), and Hanover filed a reply, (Doc. 27). Oral argument is not necessary. Jurisdiction is proper pursuant to 28 U.S.C. § 1332.

**I.    BACKGROUND**

In March of 2010, DQSI, LLC ("DQSI") contracted with the United States to replace guide walks and construct new dolphins[1] at the Atchafalaya Basin Floodway, Bayou Sorrel Lock in Iberville Parish, Louisiana ("the Project"). (Civil Action 13-00720-BAJ-RLB, Doc. 1 at ¶ 5). Western Surety Company ("Western Surety") provided bonds for the Project pursuant to the Miller Act, 40 U.S.C. § 3133, which requires contractors bidding on government projects to post performance bonds and

---

[1] A dolphin is a manmade structure that extends above the water and is not connected to shore. It is used to moor ships, display regulatory information, or provide a dry access facility for ships that are longer than the dock. Gregory P. Tsinker, *Port Engeneering: Planning, Construction, Maintenance, and Security* 474 (Wiley & Sons, Inc., 2004).

1

payment bonds covering the costs of labor and materials. (*Id*. at ¶ 6). Subsequently, DQSI subcontracted with Sun Coast Contracting, LLC/Sun Coast Contracting Services, LLC ("Sun Coast") to do most of the work, (*id*. at ¶ 7), and Hanover provided the requisite bonds on behalf of Sun Coast for the Project, (*id*. at ¶ 8). Sun Coast later entered into a subcontract with Gulf Inland to complete crane barge services on the Project. (*Id*. at ¶ 9). Sun Coast allegedly did not pay Gulf Inland for the work it provided on the Project and Gulf Inland claims it is owed $144,269.50. (*Id*.).

On November 5, 2013, Gulf Inland filed Civil Action No. 13-00720 against DQSI, Western Surety, Sun Coast, and Hanover. *U.S. ex rel. Sun Coast Contracting Servs., LLC v. DQSI, LLC,* No. 13-00297-BAJ-RLB, 2014 WL 5431373, at *1 (M.D. La. Oct. 22, 2014). Gulf Inland alleged the following causes of action: 1) the Miller Act; 2) breach of contract; 3) open account pursuant to La. R.S. § 9:2781; 4) penalties pursuant to La. R.S. § 9:4814; 5) detrimental reliance; and 6) unjust enrichment. *Id*.

On January 23, 2014, the Court consolidated that action with Civil Action No. 13-00297, which also addressed claims arising out of the Project. (Civil Action 13-00720-BAJ-RLB, Doc. 5). On October 22, 2014, the Court granted DQSI and Western Surety's motion to dismiss, dismissing Gulf Inland's claims against all defendants with prejudice. *Sun Coast,* 2014 WL 5431373, at *5. The Court found that Gulf Inland was precluded from proceeding under the Miller Act because it had not provided defendants with the requisite notices mandated by the Miller Act. *Id*. at *4. As a result, the Court found that federal jurisdiction was no longer proper for the state law claims. *Id*.

On June 16, 2015, Gulf Inland initiated the instant action against Hanover in the 19th Judicial District Court for East Baton Rouge Parish. (Doc. 1-1 at p. 5). In the Petition for Damages, Gulf Inland asserted a singular claim that Hanover, as surety for Sun Coast, was obligated to pay it for the work it completed pursuant to the subcontract agreement with Sun Coast. (*Id.* at ¶ 6). On July 14, 2015, Hanover removed this action to federal court under diversity jurisdiction. (Doc. 1). On April 19, 2016, Hanover filed the subject motion seeking to dismiss Gulf Inland's claims pursuant to the doctrine of res judicata. (Doc. 23). Hanover avers that the Court's dismissal of the prior action, with prejudice, precludes Gulf Inland's claim. (*Id.*).

## II.   LEGAL STANDARD

A motion to dismiss under rule 12(b)(6) tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). On a Rule 12(b)(6) motion, a district court generally "must limit itself to the contents of the pleadings, including attachments thereto." *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint stated a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[F]acial plausibility" exists "when the

3

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

Hence, the complaint need not set out "detailed factual allegation," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. When conducting its inquiry, the Court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted).

The Supreme Court has noted that Rule 12(b)(6) requires dismissal whenever a claim is based on an invalid legal theory:

> Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one.

*Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (quotation marks and citations omitted). However, "[f]ederal pleading rules . . . do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted. *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 346 (2014) (per curiam).

### III.   DISCUSSION

"Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Serv., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (citing *Petro–Hunt, L.L.C. v. United*

4

*States*, 365 F.3d 385, 395 (5th Cir. 2004) (quoting *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999))). It is well settled that a res judicata determination is not contingent upon whether the prior judgment was correct or not. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) (holding that the res judicata consequences of a final un-appealed judgment on the merits are not altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another action).

"The preclusive effect of a prior federal court judgment is controlled by federal res judicata rules." *Michael v. United States*, 616 F. App'x 146, 147 (5th Cir. 2015) (quoting *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000)), *cert. denied*, No. 15-8283, 2016 WL 728380 (U.S. May 16, 2016). Under federal res judicata rules, res judicata is appropriate if each of the following four elements are met: "1) the parties to both actions are identical (or at least in privity); 2) the judgment in the first action is rendered by a court of competent jurisdiction; 3) the first action concluded with a final judgment on the merits; and 4) the same claim or cause of action is involved in both suits." *Id*. Because the parties do not dispute the second element, the Court shall only review the first, third, and fourth elements.

### A.   IDENTICAL PARTIES

In order for res judicata to apply, the parties in both lawsuits must be identical. *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994). Gulf Inland contends that the parties are not identical because the prior action involved more defendants than the instant action. (Doc. 24 at p. 4). However, "[t]he bare fact that other parties

5

were involved in the prior action and are not involved in the later action does not oust preclusion as to parties participating in both actions." *Carey v. Sub Sea Int'l, Inc.*, 121 F. Supp. 2d 1071, 1074 (E.D. Tex. 2000) (quoting 18 Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 4449 (3d ed. 1998)), *aff'd*, 285 F.3d 347 (5th Cir. 2002). It is only required that those parties that were in the last action be represented in the same capacities in the current action as they were before. *See Damascus v. Five Unknown Named Agents for U.S. Atty. Generals Off.*, 892 F.2d 1045, 1990 WL 356 (Westlaw table) (9th Cir. 1990) ("[T]he fact that . . . additional parties are brought into the second action whose conduct allegedly contributed to the same wrong as that involved in the first action will not preclude the application of res judicata.").

Hanover and Gulf Inland were parties to both actions, and they were represented in the same capacities. *See Stone v. Louisiana Dept. of Revenue*, 996 F. Supp. 2d 490, 500 (E.D. La. 2014), *aff'd in part, rev'd on other grounds and remanded*, 590 F. App'x 332 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 2814 (2015) (holding that because plaintiff and defendant were involved in both actions in the same capacities, the parties were identical for the purposes of res judicata). The mere subtraction of three defendants did not change the identities of the parties.[2] Therefore, the parties are identical for the purposes of res judicata.

---

[2] Prior to the instant action, another action was brought by Gulf Inland in the 32nd Judicial District Court for Terrebonne Parish against multiple defendants, including Hanover. Doc. 24-1 Ex. A at ¶ 2. Hanover was dismissed without prejudice from the Terrebonne Parish litigation due to improper venue. (Doc. 24-1 Ex. B at ¶ 2). A petition for damages was then filed by Gulf Inland in the 19th Judicial District Court for East Baton Rouge against Hanover. Subsequently, it was removed to this Court on the grounds of federal diversity jurisdiction. (Doc. 1).

B.     **FINAL JUDGMENT ON THE MERITS**

Hanover claims that the Court's dismissal of Gulf Inland's claims "with prejudice" constituted a final judgment on all of Gulf Inland's claims, not just the one related to the Miller Act.[3] (Doc. 23-1 at pp. 5–6). However, an examination of the order, in conjunction with the reasoning therein, demonstrates that the prior order was not an adjudication on the merits of all of Gulf Inland's claims, just the Miller Act claim.

Under Rule 41(b), dismissals other than those for lack of jurisdiction, improper venue, or failure to join a party, operate as an adjudication on the merits unless the court states otherwise. Fed. R. Civ. P. 41(b); 18A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedures § 4436 (2d ed.). And when the scope of an order of dismissal is in dispute, courts have the authority to examine the circumstances surrounding the order to determine its intent. *See generally Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 281–83 (5th Cir. 1993).

In the body of the prior Ruling and Order, the Court noted that without the Miller Act claim, Gulf Inland's remaining claims had no anchor for supplemental jurisdiction. *Sun Coast*, 2014 WL 5431373, at *4. However, in the conclusion of the

---

[3] In support of its position that a dismissal with prejudice is a final judgment of the merits, Hanover cites to *Derr v. Swarek*, 766 F.3d 430 (5th Cir. 2014). *Derr* is factually dissimilar to the present action because the plaintiffs in *Derr* voluntarily dismissed the claims against the defendants with prejudice. 766 F.3d at 440. Here, Gulf Inland's claims were involuntarily dismissed on jurisdictional grounds. In other words, the plaintiffs in *Derr* made the conscious decision to dismiss their claims with prejudice, while Gulf Inland's claims were dismissed because the Court was without jurisdiction.

Ruling and Order, the Court ordered the dismissal of all of Gulf Inland's claims using the following language: "Plaintiff's claims against Defendants DQSI, Western Surety, SCCS, and Hanover Insurance, are DISMISSED WITH PREJUDICE." *Id.* at *5.

The Court acknowledges that it dismissed all of Plaintiff's claims "with prejudice;" nevertheless, the Fifth Circuit has stated that a dismissal with prejudice is not a per se final judgment on the merits. *Miller v. Nationwide Life Ins. Co.*, No. 06-31178, 2008 WL 3086783, at *5 (5th Cir. Aug. 6, 2008). Rather, the Fifth Circuit has continuously held that jurisdictional dismissals are "insufficient to serve as final judgments on the merits for res judicata purposes." *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 n.2 (5th Cir. 2009) (quoting *Miller*, 2008 WL 3086783, at *5).

Although the Court dismissed the state law claims with prejudice, the dismissal was on jurisdictional grounds and not a final judgment on the merits. *See Miller*, 2008 WL 3086783, at *5 (finding that the dismissal of a state law claim with prejudice was not a final judgment on the merits because the state law claim was dismissed on jurisdictional grounds due to a federal statute that mandated its dismissal); *see also Jordan v. Mitchell*, No. 10-746-JJB-CN, 2011 WL 2746304, at *3 (M.D. La. July 12, 2011) (finding that a withdrawal of a Title VII claim does not render the Whistleblower Protection Act claim, which relied on the Title VII claim for federal jurisdiction, barred by res judicata). The state law claims were dismissed only insofar as this Court no longer had the jurisdiction to hear them. And pursuant to Rule 41(b), a jurisdictional dismissal is not a dismissal on the merits. Therefore, the Court finds that the prior dismissal was not a final judgment on the merits.

8

### C.     IDENTICAL CLAIMS

Gulf Inland claims that the claim in the instant action is not identical to the prior action because the claims in the prior action involved more than one claim. (Doc. 24 at p. 4). To analyze the identity of claims, the United States Court of Appeals for the Fifth Circuit has adopted the "transactional test," which requires that the claims or causes of action arise out of the same nucleus of operative facts. *Oreck Direct, LLC*, 560 F.3d at 402. "The nucleus of operative facts, rather than the type of relief requested, substantive theories advanced, or types of rights asserted, defines the claim." *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007) (citing *Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 665 (5th Cir. 1994)).

To determine whether claims arose from the same nucleus of operative facts, courts often consider, *inter alia*, whether the facts were related in time, space, or motivation. *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004). Here, the claims in both actions are related in time and space as they are based on the exact same factual allegations, *i.e.* Gulf Inland did not receive payment for services rendered on the Project. Additionally, although the number of claims brought in the two actions vary, Gulf Inland's motivation for bringing the suit is the same: to recover the money it believes it is owed on the Project. Despite the identicalness of the claims, as the Court stated above, a final judgment on the merits was not rendered on the prior claims. Therefore, Plaintiff's current claims are not barred on the basis of res judicata.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Hanover's **Rule 12(b)(6) Motion to Dismiss (Doc. 23)** is **DENIED.**

Baton Rouge, Louisiana, this 29th day of June, 2016.

_____
**BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**