UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **SUN COAST CONTRACTING SERVICES, LLC., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | |
| **DQSI, LLC., ET AL.** | **NO: 13-00297-BAJ-RLB** |

**CONSOLIDATED WITH**

| | |
|---|---|
| 13-cv-00546-BAJ-RLB | The Hanover Insurance Company v. Sun Coast Contracting, LLC et al |
| 13-cv-00568-BAJ-RLB | LeBlanc Brothers Ready-Mix, Inc. v. DQSI, LLC et al |
| 13-cv-00652-BAJ-RLB | United States of America v. DQSI, LLC et al |

**RELATED TO**

| | |
|---|---|
| 13-cv-00720-BAJ-RLB | Gulf Inland Contractors, Inc. v. DQSI, LLC et al |
| 15-cv-00458-BAJ-RLB | Gulf/Inland Contractors, Inc. v. The Hanover Insurance Company |

**ORDER**

Considering the *amended* **Joint Motion to Dismiss (Doc. 223)**,[1]

**IT IS ORDERED** that Sun Coast Contracting Services, LLC's ("Services") claims against DQSI, LLC ("DQSI") are hereby **DISMISSED WITH PREJUDICE**, except Services' claims against DQSI that have been assigned to The Hanover Insurance Company ("Hanover") or to which Hanover is subrogated are hereby **DISMISSED WITHOUT PREJUDICE**;

---

[1] This motion was docketed in Case No. 13-297-BAJ-RLB, identifying the Case No. 13-720-BAJ-RLB and Case No. 15-458-BAJ-RLB as member cases, while those cases are in fact designated as related cases. The Clerk's Office shall dismiss all claims pending in all member cases and related cases captioned above. The Clerk's Office shall docket this Order in the lead case of the consolidated cases, Case No. 13-297-BAJ-RLB, and the related cases, Case Nos. 13-720-BAJ-RLB and 15-458-BAJ-RLB.

1

**IT IS FURTHER ORDERED** that all claims asserted against DQSI by Hanover or Sun Coast Contracting, LLC ("SCC") are hereby **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that DQSI's claims against SCC and Alliance Consulting Group, LLC are hereby **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that Hanover's claims against Samuel I. Pate; Integrated Pro Services, LLC; SCC; and Services are hereby **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that the claims of Hanover against John Hess and Julie Hess are **DISMISSED, WITHOUT PREJUDICE** to the parties' rights to, within **SIXTY DAYS** and upon good cause shown, re-open this matter if the terms of the settlement are not consummated;

**IT IS FURTHER ORDERED** that the remaining claims of all parties asserted in these consolidated matters are hereby **DISMISSED WITH PREJUDICE**, which includes but is not limited to the dismissal with prejudice of all claims asserted against Western Surety Company and Hanover.

**IT IS FURTHER ORDERED** that, as agreed by the parties, each party will bear its own costs.

**IT IS FURTHER ORDERED** that the dismissal of claims without prejudice referenced above does not operate as an adjudication on the merits.

**IT IS FURTHER ORDERED** that, as agreed upon by the parties, the Court will retain jurisdiction to enforce the terms of their settlement agreement.[2]

Baton Rouge, Louisiana, this 23rd day of March, 2018.

_____
**BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[2] *See Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 381-82 (1994).

3